**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| MARQUIS MCCRAY, Petitioner, v. RONALD H. CATHEL, et al., Respondents. | : | Civil No. 06-1798 (SRC) **OPINION** |

**APPEARANCES:**

MARQUIS MCCRAY, #3510015B
New Jersey State Prison
P.O. Box 861
Trenton, New Jersey 08625
Petitioner pro se

GARY A. THOMAS, ASSISTANT PROSECUTOR
PAULA T. DOW, ESSEX COUNTY PROSECUTOR
Essex County Courts Building
Newark, New Jersey 07102
Attorneys for Respondents

**CHESLER**, District Judge

Marquis McCray filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254(a) challenging a conviction in the Superior Court of New Jersey. Respondents filed an Answer, arguing that the Petition should be dismissed, and Petitioner filed a Traverse. For the reasons expressed below, the Court dismisses the Petition with prejudice and declines to issue a certificate of appealability. See 28 U.S.C. §§ 2253(c), 2254(a), (b), (c).

## I. BACKGROUND

Petitioner challenges a judgment of conviction entered on June 21, 1994, in the Superior Court of New Jersey, Law Division, Essex County, after a jury convicted him of first degree robbery, second degree aggravated assault, and third degree possession of a weapon for an unlawful purpose. The Law Division granted the state's motion for an extended term as a persistent offender, pursuant to N.J. STAT. ANN. § 2C:44-3, and sentenced Petitioner to an aggregate 20-year term of incarceration, with 10 years of parole ineligibility. Petitioner appealed. In an opinion filed April 18, 1996, the Appellate Division of the Superior Court of New Jersey affirmed. See State v. McCray, No. A-002376-94T4 slip op. (N.J. Super., App. Div., April 18, 1996). On November 19, 1996, the Supreme Court of New Jersey denied certification. See State v. McCray, 147 N.J. 261 (1996) (table).

On May 30, 1997, Petitioner filed a pro se petition for post-conviction relief in the Superior Court of New Jersey, Law Division. On July 30, 2003, the Law Division denied relief in an order and accompanying opinion. Petitioner appealed. On December 8, 2005, the Superior Court of New Jersey, Appellate Division, affirmed the order denying post conviction relief. See State v. McCray, Docket No. A-4093-03T4 slip op. (N.J. Super., App. Div., Dec. 8, 2005). On February 16, 2006, the New Jersey Supreme Court denied certification.

Petitioner executed the Petition which is now before the Court on March 10, 2006. The Clerk received it on April 17, 2006. The Court notified Petitioner of the consequences of filing such a Petition under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), and gave him an opportunity to withdraw the Petition and file one all-inclusive Petition, pursuant to Mason v. Meyers, 208 F.3d 414 (3d Cir. 2000). Petitioner asked the Court to rule on the Petition "as is."

The Petition presents two grounds:

> Ground One: DEFENDANT WAS DENIED HIS 14TH AMENDMENT DUE PROCESS SAFEGUARD AGAINST UNLAWFUL CONVICTION.
>
> Supporting FACTS: The trial court lacked jurisdictional authority to try defendant without an indictment which was endorsed by the grand jury, and returned as a true Bill. the procedural violation rendered all consequent proceedings unlawful and invalid.
>
> Ground Two: THE SENTENCE ENHANCEMENT, BASED ON RECIDIVISM, IS ILLEGAL AND UNCONSTITUTIONAL (6TH AMENDMENT).
>
> Supporting FACTS: Relying on a preponderance of evidence, the judge increased the defendant's sentence above the presumptive term, to 5-10 years. Next the court further violated the defendant's constitutional safeguard by attaching a sentence enhancement which doubled the sentence, all in the absence of the Grand Jury, as well as the petit jury's knowledge.

(Pet. ¶ 12.A. and B.)

The State filed an Answer seeking dismissal of the Petition on the merits. Petitioner filed a Traverse.

## II. STANDARD OF REVIEW

A habeas corpus petition must meet "heightened pleading requirements." McFarland v. Scott, 512 U.S. 849, 856 (1994) (citing 28 U.S.C. § 2254 Rule 2(c)). The petition must specify all the grounds for relief available to the petitioner, state the facts supporting each ground, and state the relief requested. See 28 U.S.C. § 2254 Rule 2(c)(1), (c)(2), (c)(3).

Section 2254(a) of Title 28 of the United States Code gives the court jurisdiction to entertain a habeas petition challenging a state conviction or sentence only where the inmate's custody violates federal law:

> [A] district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.

28 U.S.C. § 2254(a).

"In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." Estelle v. McGuire, 502 U.S. 62, 67-68 (1991); 28 U.S.C. § 2254(a); accord Barry v. Bergen County Probation Dept., 128 F.3d 152, 159 (3d Cir. 1997). "Federal courts hold no supervisory authority over state judicial proceedings and may intervene only to correct wrongs of constitutional dimension." Smith v. Phillips, 455 U.S. 209, 221 (1982). "If a state prisoner alleges no deprivation of a federal right, § 2254 is simply inapplicable. It is unnecessary in such a situation to inquire whether the prisoner preserved his claim before the state courts." Engle v. Isaac, 456 U.S. 107, 120 n.19 (1982).

In reviewing a § 2254 petition, a federal court is not permitted to address a federal constitutional claim pertinent to the facts of the case unless the petitioner asserts the claim as a ground for relief.[1] Nor may the Court recharacterize a ground asserted under state law into a federal constitutional claim.[2] "[E]rrors of state law cannot be repackaged as federal errors simply

---

[1] See, e.g., Withrow v. Williams, 507 U.S. 680, 695-96 (1993) (where habeas petition raised claim that the police had elicited petitioner's statements without satisfying Miranda, the district court erred when it "went beyond the habeas petition and found the statements [petitioner] made after receiving the Miranda warnings to be involuntary under due process criteria"); Baker v. Barbo, 177 F.3d 149, 156 n.7 (3d Cir. 1999) (where petition contains ground asserting the ineffective assistance of counsel during plea negotiations and trial, court is not permitted to consider ground, evident from the facts but not raised in the petition, that appellate counsel was ineffective by failing to advise petitioner that he faced a longer sentence by appealing the conviction).

[2] See Engle, 456 U.S. at 119-20 & n.19 (insofar as petitioners simply challenged the (continued...)

by citing the Due Process Clause." Johnson v. Rosemeyer, 117 F.3d 104, 110 (3d Cir. 1997). Moreover, "it is well established that a state court's misapplication of its own law does not generally raise a constitutional claim." Smith v. Horn, 120 F.3d 400, 414 (3d Cir. 1997) (citation omitted); see also Smith v. Zimmerman, 768 F.2d 69, 71, 73 (3d Cir. 1985).

A district court must give deference to determinations of state courts. See Duncan v. Morton, 256 F.3d 189, 196 (3d Cir.), cert. denied, 534 U.S. 919 (2001); Dickerson v. Vaughn, 90 F.3d 87, 90 (3d Cir. 1996). Federal courts "must presume that the factual findings of both state trial and appellate courts are correct, a presumption that can only be overcome on the basis of clear and convincing evidence to the contrary." Stevens v. Delaware Correctional Center, 295 F.3d 361, 368 (3d Cir. 2002). Where a federal claim was "adjudicated on the merits" [3] in state court proceedings, § 2254 does not permit habeas relief unless adjudication of the claim

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal Law, as determined by the Supreme Court of the United States; or

[2](...continued)
correctness of the self-defense instructions under state law, their petitions alleged no deprivation of federal rights and § 2254 was inapplicable); Kontakis v. Beyer, 19 F.3d 110, 116-17 & n.10 (3d Cir. 1994) (where petitioner asserted in § 2254 petition that the exclusion of testimony violated his rights under state law, federal court may not consider ground, not set forth in the petition, that exclusion of the testimony violated his federal due process rights).

[3] "An 'adjudication on the merits' has a well settled meaning: a decision finally resolving the parties' claims, with res judicata effect, that is based on the substance of the claim advanced, rather than on a procedural, or other, ground." Rompilla v. Horn, 355 F.3d 233, 247 (3d Cir. 2004) (citations and internal quotation marks omitted), reversed on other grounds sub nom. Rompilla v. Beard, 545 U.S. 374 (2005). A state court may render an adjudication or decision on the merits of a federal claim by rejecting the claim without any discussion whatsoever. Rompilla, 355 F.3d at 247.

> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

A decision is "contrary to" a Supreme Court holding if the state court "contradicts the governing law set forth in [the Supreme Court's] cases" or if it "confronts a set of facts that are materially indistinguishable from a decision of th[e Supreme] Court and nevertheless arrives at a [different] result." Williams v. Taylor, 529 U.S. 362, 405-06 (2000).

Under the "'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from th[e Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." Williams, 529 U.S. at 413. Whether a state court's application of federal law is "unreasonable" must be judged objectively; an application may be incorrect, but still not unreasonable.[4] Id. at 409-10.

A court begins the analysis by determining the relevant clearly established law. See Yarborough v. Alvarado, 541 U.S. 652, 660 (2004). Clearly established law "refers to the holdings, as opposed to the dicta, of [the Supreme Court's] decisions as of the time of the relevant state-court decision." Williams, 529 U.S. at 412. A court must look for "the governing legal principle or principles set forth by the Supreme Court at the time the state court renders its decision." Lockyer v. Andrade, 538 U.S. 63, 71, 72 (2003).

---

[4] "[D]ecisions of federal courts below the level of the United States Supreme Court may be helpful to [a court] in ascertaining the reasonableness of state courts' application of clearly established United States Supreme Court precedent, as well as helpful amplifications of that precedent." Marshall v. Hendricks, 307 F.3d 36, 71 n.24 (3d Cir. 2002) (citations and internal quotation marks omitted).

## III. DISCUSSION

A. Due Process - Defective Indictment

In Ground One, Petitioner asserts that his conviction violates due process because the indictment was not endorsed by the prosecutor or the grand jury foreman, as required by New Jersey Court Rule 3:7-2. Respondents argue that defects in the state grand jury process are not cognizable under § 2254 because there is no federal constitutional right to a state indictment, and because any error in the indictment was rendered harmless by the petit jury's guilty verdict.

The Fifth Amendment right to an indictment by a Grand Jury does not apply to State criminal prosecutions. See Apprendi v. New Jersey, 530 U.S. 466, 477 n.3 (2000); Albright v. Oliver, 510 U.S. 266, 272 (1994); Hurtado v. California, 110 U.S. 516 (1884). Because the Due Process Clause of the Fourteenth Amendment has not been construed to incorporate the Fifth Amendment right to indictment by a Grand Jury, id., the legality of an indictment is a matter of state law, see U. S. Wojtycha v. Hopkins, 517 F.2d 420, 425 (3rd Cir. 1975).[5] Accordingly, "there is no federal constitutional impediment to dispensing entirely with the grand jury in state prosecutions." Beck v. Washington, 369 U.S. 541, 545 (1962). Moreover, "the accused is not 'entitled to [federal] judicial oversight or review of the decision to prosecute.'" Albright, 510 U.S. at 274 (quoting Gerstein v. Pugh, 420 U.S. 103, 118-119 (1975)).

Without offending the Constitution, State prosecutions may be "instituted on informations filed by the prosecutor, on many occasions without even a prior judicial

---

[5] Cf. New Jersey v. Mason, 355 N.J. Super. 296, 299 (App. Div. 2002) (pretrial dismissal of indictment was warranted where it was "factually unsupported either on its face or in the grand jury proceedings"); New Jersey v. Pelham, 353 N.J. Super. 114 (App. Div. 2002) (denial of pretrial motion to dismiss indictment may be raised on direct appeal of conviction).

determination of 'probable cause' - a procedure which has likewise had approval [of the Supreme Court] in such cases as Ocampo v. United States, 234 U.S. 91, 34 S. Ct. 712, 58 L.Ed. 1231 (1914), and Lem Woon v. Oregon, 229 U.S. 586, 33 S. Ct. 783, 57 L.Ed. 1340 (1913)." Beck v. Washington, 369 U.S. at 545; accord Rose v. Mitchell, 443 U.S. 545, 576 (1979) ("There is no constitutional requirement that a state criminal prosecution even be initiated by a grand jury"). Because Ground One does not assert a cognizable federal claim, Petitioner is not entitled to habeas relief on Ground One.

B. Blakely Claim

In Ground Two, Petitioner argues that the trial court violated his Sixth Amendment right to trial by jury under Apprendi v. New Jersey, 530 U.S. 466 (2000), and Blakely v. Washington, 542 U.S. 296 (2004), by sentencing him to an extended term as a persistent offender, pursuant to N.J. STAT. ANN. § 2C:44-3(a). However, Petitioner is not entitled to habeas relief on Ground Two because Blakely does not apply retroactively to cases that became final on direct review prior to June 24, 2004, and because Blakely exempts an increased sentence based on prior convictions.

New Jersey's Persistent Offender statute provides:

> The court may, upon application of the prosecuting attorney, sentence a person who has been convicted of a crime of the first, second or third degree to an extended term of imprisonment if it finds one or more of the grounds specified in subsection a., b., c., or f. of this section . . . .
>
> **a. The defendant has been convicted of a crime of the first, second or third degree and is a persistent offender**. A persistent offender is a person who at the time of the commission of the crime is 21 years of age or over, who has been previously convicted on at least two separate occasions of two crimes,

> committed at different times, when he was at least 18 years of age, if the latest in time of these crimes or the date of the defendant's last release from confinement, whichever is later, is within 10 years of the date of the crime for which the defendant is being sentenced.

N.J. STAT. ANN. § 2C:44-3(a).

The Supreme Court's 2004 ruling in Blakely evolved from Apprendi. In Apprendi, the Supreme Court determined that Apprendi had a constitutional right to have a jury, rather than a judge, find bias because the finding was necessary to support an enhanced sentence under the New Jersey hate crimes law. The Supreme Court reversed Apprendi's sentence pursuant to the principle that, "under the Due Process Clause of the Fifth Amendment and the notice and jury trial guarantees of the Sixth Amendment, any fact (other than prior conviction) that increases the maximum penalty for a crime must be charged in an indictment, submitted to a jury, and proven beyond a reasonable doubt." Apprendi, 530 U.S. at 476 (quoting Jones, 526 U.S. at 243 n.6). In 2002, the Supreme Court held in Ring v. Arizona, 536 U.S. 584 (2002), that imposition of the death penalty under Arizona law violated Apprendi because the trial judge determined the presence or absence of aggravating factors required by Arizona law for imposition of the death penalty. Ring, 536 U.S. at 602. On June 24, 2004, the Blakely Court determined that application of Washington's sentencing guidelines violated the defendant's rights under Apprendi. The Blakely Court announced that "the 'statutory maximum' for Apprendi purposes is the maximum sentence a judge may impose *solely on the basis of the facts reflected in the jury verdict or admitted by the defendant*." Blakely, 124 S.Ct. at 2537 (emphasis in original) (citations omitted). In 2005, the Supreme Court determined in United States v. Booker, 543 U.S. 220 (2005), that application of the Federal Sentencing Guidelines violates the Sixth Amendment because the

guidelines require the judge to enhance the sentence based on the judge's determination of facts that were not found by the jury or admitted by defendant.

As a matter of federal constitutional law, "a new rule for the conduct of criminal prosecutions is to be applied . . . to all cases . . . pending on direct appeal or not yet final, with no exception for cases in which the new rule constitutes a 'clear break' with the past." Griffith v. Kentucky, 479 U.S. 314, 328 (1987). The Supreme Court emphasized in United States v. Booker, 543 U.S. at 268, that its Sixth Amendment holding regarding the Sentencing Guidelines must be applied to all cases on direct review as of the date of its Booker decision (not the date of its Apprendi decision). Accord Schriro v. Summerlin, 542 U.S. 348, 351 (2004) ("When a decision of this Court results in a 'new rule,' that rule applies to all criminal cases still pending on direct review . . . . As to convictions that are already final, however, the rule applies only in limited circumstances"). Ordinarily, "State convictions are final 'for purposes of retroactivity analysis when the availability of direct appeal to the state courts has been exhausted and the time for filing a petition for a writ of certiorari has elapsed or a timely filed petition has been finally denied.'" Beard v. Banks, 542 U.S. 406, 411 (2004) (quoting Caspari v. Bohlen, 510 U.S. 383, 390 (1994)).

The Supreme Court's ruling in Blakely does not apply to Petitioner's case as a matter of federal constitutional law because the decision was issued on June 24, 2004, after Petitioner's conviction had become final on February 19, 1997, 90-days after the New Jersey Supreme Court denied certification on direct appeal. See Schriro v. Summerlin, 542 U.S. 348, 353 (2004) (because Ring v. Arizona "altered the range of permissible methods for determining whether a defendant's conduct is punishable by death, requiring that a jury rather than a judge find the

essential facts bearing on punishment," it was a "prototypical procedural rule" that did not apply retroactively to cases already final on direct review); Warren v. Kyler, 422 F.3d 132 (3d Cir. 2005) (Booker line of cases is not applicable retroactively to cases on collateral review under § 2254); Lloyd v. United States, 407 F.3d 608 (3d Cir. 2005) (Booker, which applied the Blakely rule to the federal sentencing guidelines, is not retroactively applicable to cases on collateral review). Because Blakely does not apply retroactively to this case, the New Jersey courts' denial of Petitioner's Blakely claim was not contrary to, or an unreasonable application of, Supreme Court precedent.

Moreover, even if Blakely applied retroactively to Petitioner's case, Petitioner would not be entitled to habeas relief because the increase in Petitioner's sentence falls within Blakely's prior conviction exception. See e.g., Apprendi, 530 U.S. at 490 ("Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt"); Almendarez-Torres v. United States, 523 U.S. 224 (1998) (the government need not include in an indictment, and have a jury find, the fact of a prior conviction for purposes of determining whether a sentence's maximum could be increased based on the prior conviction). Accordingly, the New Jersey courts' denial of Petitioner's Blakely claim was not contrary to, or an unreasonable application of, Supreme Court precedent.

C. Certificate of Appealability

The Court denies a certificate of appealability because Petitioner has not made "a substantial showing of the denial of a constitutional right" under 28 U.S.C. § 2253(c)(2). See Miller-El v. Cockrell, 537 U.S. 322 (2003).

## IV. CONCLUSION

Based on the foregoing, the Court dismisses the Petition with prejudice and declines to issue a certificate of appealability under 28 U.S.C. § 2253(c).

**STANLEY R. CHESLER, U.S.D.J.**

DATED: 3/14/, 2007